UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY WHITE,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. WALKER, et al.,<br><br>          Defendants. | 1:12-cv-00454 LJO GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br><br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.     Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . . applies only to a plaintiff's factual allegations." <u>Nietze v. Williams</u>, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997)(quoting <u>Ivey v.Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     **Plaintiff's Claims**

Plaintiff, formerly an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Substance Abuse Treatment Facility at Corcoran (SATF), brings this civil rights action against correctional officials employed by the CDCR at SATF. Plaintiff claims that he was subjected to inadequate medical care such that it constituted cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff names the following individuals defendants: J. Walker, Chief of California Health Care Services; Registered Nurse (RN) S. Turner; Morris; Miller; Villasenor; Licensed Vocational Nurse (LVN) Ervin; LVN Howard; Dr. Raman, M.D.; Dr. Rahimi, M.D.; Health Care Manager Martinez.

Plaintiff suffers from diabetes and was being treated with Metformin, which Plaintiff was allowed to keep on his person. During the week of July 13, 2008, Facility D, where Plaintiff was housed, was placed on lockdown restricting the movement of inmates, with the exception of emergencies and inmates assigned to work duties.

Plaintiff ran out of Metformin, and, as he was unable to go to the medical clinic because of the lockdown, he sought help from medical staff inside the housing unit. Each time medical staff visited Plaintiff's housing unit to administer medication, Plaintiff told them that he was out of medication, and "that he had not been able to obtain diabetes medication for X number of days and he was experiencing adverse symptoms as a result." Plaintiff requested that Defendants Turner, Morris, Villasenor and Miller to "take steps to obtain a new order, refill or bridge plaintiff's supply of diabetes medication right away." Plaintiff alleges that "Defendants" instructed him to submit a Health Care Services Request and told Plaintiff that he would have to wait until the lockdown was over before he could see a doctor.

Between July 8 and July 17, 2008, Plaintiff submitted "several" requests for health care, explaining that his diabetes medications were either running very low or had run out. Plaintiff requested that medical staff renew his supply. Plaintiff alleges that "for several days," he did not receive any medication to treat his diabetes. On July 18, 2008, Plaintiff's "adverse diabetic symptoms" were such that he was taken to the medical clinic. Plaintiff was eventually hospitalized due to his diabetic condition.

After his hospitalization, Plaintiff began to receive regular insulin treatments to control his blood sugar levels. This treatment was at Plaintiff's request. Plaintiff requested this treatment instead of a Metformin prescription to ensure he would receive his medication during lockdowns.

On May 9, 2009, Dr. Raman discontinued Plaintiff's insulin treatments. Dr. Raman also doubled Plaintiff's prescription for Hydrochlorothiazide, which can increase blood sugar levels. Dr. Raman decreased Plaintiff's finger stick blood tests from daily to weekly, "and without insulin coverage so that medical staff would then be unable to closely monitor Plaintiff's diabetes after Raman's order." Plaintiff alleges that Dr. Raman "did not provide any medical treatment to substitute for the insulin he had discontinued."

The balance of Plaintiff's complaint includes a recitation of various medical issues and grievances that Plaintiff has suffered throughout his incarceration, including hypertension,

fractured hips, torn tendons, asthma, diabetes, carpal tunnel syndrome.  Plaintiff's allegations relate to chronic severe pain.

### A.     Eighth Amendment

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id.  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id. at 1132.

Plaintiff is advised that he cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute.  Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989).  Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim.  Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff has not alleged facts suggesting deliberate indifference.  Although Plaintiff has alleged facts indicating that he has a serious medical condition – diabetes – he has not specifically charged each individual Defendant with conduct indicating that they were deliberately indifferent to his condition.  Plaintiff's central grievance seems to be that, due to the lockdown, he was not allowed to possess a supply of his medication.  Because Defendants had to come to his cell to give him his medication daily, Plaintiff claims that he was denied adequate medical care.  Plaintiff has not alleged any facts suggesting that Defendants deliberately and intentionally deprived him of his medication.  Although Plaintiff alleges that on some days he did not get his medication, he does not specifically identify any individual Defendant, or allege conduct as to any individual Defendant that evidences an intent to deny Plaintiff his medication.

Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm. Plaintiff has failed to do so here. Further, as noted, Plaintiff cannot state a claim where only the quality of treatment is subject to dispute. That Dr. Raman chose to discontinue insulin treatments and increase the dosage of a medication does not alone subject him to liability under the Eighth Amendment. Plaintiff has not alleged any facts indicating that the treatment itself was found by competent medical officials to cause Plaintiff injury. The Court finds Plaintiff's allegations to be vague and conclusory. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

**B.    Rule 18**

"A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). Thus, multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's allegations regarding the history of his health care while in prison and his chronic pain are unrelated to the specific allegations of his

treatment for diabetes. Should Plaintiff desire to proceed on these claims, he should do so by way of another civil action. Plaintiff must confine his claims in any single civil action to related claims.

### III. Conclusion

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007)(citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete and in and of itself without reference to the prior or superseded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty** days from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 17, 2015**                             /s/ Gary S. Austin
                                                                            UNITED STATES MAGISTRATE JUDGE